## SUPREME COURT.

### DWIGHT CHAPIN agt. TRUMAN B. SEELEY.

By the provisions of the 204th and 205th sections of the Code, the question upon every motion to *vacate an order of arrest* is, whether, upon the whole case, as made by the affidavits on both sides, the court, if called upon to act upon the application, as *res nova*, would grant the order of arrest. If it would, then the *motion to vacate* should be denied.

But if, after hearing both parties upon the question, it should appear that a case for arrest had not been made out, the order should be vacated.

This rule applied to this case, where it appeared that the defendant was acting as the agent of the plaintiff, and was arrested for not paying over certain moneys received by the defendant upon contracts made by him as such agent with third persons, for and on account of the plaintiff; but that the contract between the plaintiff and the defendant authorized the latter to retain in his hands, out of the proceeds of the business, sufficient to secure the amount of the plaintiff's indebtedness to him as such agent, and that no more had been retained by the defendant. The order of arrest was vacated.

*Albany Special Term, July,* 1856.

MOTION to vacate order of arrest.

The affidavit upon which the order was granted states that,

Chapin agt. Seeley.

in March and April, 1856, the defendant was acting as the agent of the plaintiff; that a contract had been entered into between the plaintiff and one Moyer, by the terms of which Moyer was to deposit with the plaintiff $200, as security for the performance of the contract on his part, and a similar contract had also been entered into between the plaintiff and one Straw; that, in March, 1856, the defendant, as the agent of the plaintiff, received of Moyer the sum of $200, and, in April following, he received of Straw, as such agent, the further sum of $200, which he refuses to pay over to the plaintiff.

On the part of the defendant, it appears that, in June, 1855, the defendant had made a contract with the plaintiff, by which the defendant was to enter into the employment of the plaintiff as his agent, for the purposes stated in the contract, and, to secure the performance of his agreement, was to deposit with the plaintiff $500; that he was to receive a salary at the rate of $1,000 per year, payable monthly; that in September following, the defendant deposited the sum stipulated with the plaintiff, and entered upon his agency, and continued so employed down to the time of the commencement of this suit. By the terms of the agreement, a copy of which is annexed to the defendant's affidavit, the defendant was to be at liberty to "retain, out of the proceeds of the business, in his hands such sums as he might see proper to retain to secure his deposit money, and to apply on his wages, not to exceed the amount then due on his wages, in addition to his deposit money and interest."

The defendant states, that at the time of the commencement of this suit, the plaintiff was indebted to him in the sum of $445, on account of his wages and the deposit money, and interest, over and above all moneys received by him on account of the plaintiff, or any set off which the plaintiff has against him.

The plaintiff, in an affidavit read in opposition to the motion, states that the agency of the defendant was confined to the hiring and superintending of agents for the sale and distribution

of patent medicines in the state of Pennsylvania, the manufacture of friction matches, and the sale of said medicines and matches; that the defendant had no other authority to act as agent for the plaintiff than that contained in the written contract, and such special instructions as had been given him from time to time; and that the plaintiff had never given him leave to apply the deposit money of any agent to his own use, or to satisfy his wages or deposit money; that during his agency, the defendant had received, on account of the plaintiff, various sums of money, amounting to $530, besides the $400 in question; that the plaintiff had also forwarded to the defendant, and the agents under his charge, medicines amounting, at wholesale prices, to $7,000, and at the prices at which they were sold by agents, to $14,000.

It further appeared that the contracts, under which the $400 for which this action is brought, was received, were made by the defendant acting as the agent of the plaintiff.

S. T. Smith, *for plaintiff.*
Thomas Smith, *for defendant.*

By the court—Harris, Justice.  The plaintiff, in the first instance, made a case which was undoubtedly sufficient to justify the order of arrest.  But it now appears that he omitted to state the whole case.  It does not appear from the affidavit, upon which the order was obtained, that the money claimed by the plaintiff was received by the defendant from agents which he himself had hired, and that, by the terms of the contract between the plaintiff and the defendant, the latter was authorized to retain, " out of the proceeds of the business, in his hands such sum as he might see proper to retain, to secure the deposit of $500 he had made with the plaintiff, when he entered his employment, and the balance which might be due him for wages."  Had this appeared, it is quite evident, I think, that the plaintiff would have been unable to obtain the order of arrest.

As I understand the provisions of the 204th and 205th sec-tions of the Code, the question upon every motion like this is, whether, upon the whole case, as made by the affidavits on both sides, the court, if called upon to act upon the applica-tion as *res nova*, would grant the order of arrest. If it would, then the motion to vacate should be denied. But if, after hear-ing both parties upon the question, it should appear that a case for arrest has not been made out, the order should be vacated. (*See Hernandez* agt. *Carnobeli,* 10 *How.* 449; *The Republic of Mexico* agt. *Arrangois,* 11 *id.* 9, *and cases there cited; Cady, president, &c.,* agt. *Edmonds,* 12 *id.* 197.)

The application of this rule to the case under consideration relieves it of all difficulty. The defendant shows that the plaintiff is indebted to him, over and above the moneys claimed in this action, to a large amount. This the plaintiff, though the opportunity to do so has been presented, has not denied. The only ground upon which it is sought to sustain the order is, that though the plaintiff may be indebted to the defendant, yet the latter was secured by the property of the plaintiff in his hands or under his control, and that he was not authorized to retain the money received upon deposit from other agents. It is enough to say, that by the terms of the contract he had this authority.

The motion to vacate the order must, therefore, be granted, with costs.